**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MUHAMMAD A. SARFARZ,#80232053** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:18cv456** |
| | § | **CRIMINAL ACTION NO. 4:12cr75(1)** |
| **UNITED STATES OF AMERICA** | § | |

## ORDER OF DISMISSAL

*Pro se* Movant Muhammad Aijaz Sarfraz filed a motion to vacate, set aide or correct sentence pursuant to 28 U.S.C. § 2255.  The motion was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (Dkt #15) concluding that the motion should be denied.  Movant filed objections (Dkt #17).

In Movant's objections, he simply reurges his claim that, but for his counsel's ineffective assistance of counsel, he would have pled guilty and received a lesser sentence.  Although he claims that he meets the prejudice prong for ineffective assistance of counsel as discussed in *Lafler v. Cooper*, 566 U.S. 156, 163 (2012), the record contradicts Movant's claims.  In *Lafler*, it was determined that counsel's performance was deficient because he advised the defendant to reject a plea offer that would have resulted in a lesser sentence, and such advice was unreasonable.  *Id.*  In Movant's direct appeal, the Fifth Circuit noted that the breakdown in communications between Movant and Counsel in the instant case was entirely due to Movant's fanciful wish to get a plea deal similar to his co-defendants although he was a leader in the conspiracy.  *United States v. Sarfraz,* 683 F. App'x 268, 270 (5th Cir. 2015).  As shown in the Report and Recommendation, Movant's counsel urged Movant to accept any one of several plea offers – all of which would have resulted in a much lesser sentence.  Movant fails to show Counsel was ineffective.

1

Movant also requests an evidentiary hearing.  Evidentiary hearings, however,  are not required in federal habeas corpus proceedings. *See* Rule 8, *Rules Governing § 2255 Cases in the United States District Courts*; *see also McCoy v. Lynaugh*, 874 F.2d 954, 966-67 (5th Cir. 1989). Quite the contrary, "to receive a federal evidentiary hearing, a petitioner must allege facts that, if proved, would entitle him to relief." *Wilson v. Butler*, 825 F.2d 879, 880 (5th Cir. 1987), *cert. denied*, 484 U.S. 1079 (1988)*; see also Townsend v. Sain*, 372 U.S. 293, 312 (1963).  "This requirement avoids wasting federal judicial resources on the trial of frivolous habeas corpus claims." *Wilson*, 825 F.2d at 880.  As the record shows, Movant was adamant about going to trial if he did not receive a similar plea offer as that of his co-defendants.  The Fifth Circuit specifically noted this fact.  *Sarfraz,* 683 F. App'x  at 270. The record also shows that Counsel urged Movant to agree to any one of several plea agreements offered, but Movant refused.   In sum,  Movant fails to show that he is entitled to an evidentiary hearing.  *See United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Movant's objections are without merit.  Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** that Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice.  A certificate

of appealability is **DENIED**.  All other motions not previously ruled on are hereby **DENIED**.

**SIGNED this 5th day of August, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE